IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIASER R. RAMIREZ,<br><br>　　　　Petitioner,<br><br>　v.<br><br>RANDY GROUNDS, Warden,<br><br>　　　　Respondent.<br>_____ | No. C 10-0860 MMC (PR)<br><br>**ORDER GRANTING MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS; DENYING CERTIFICATE OF APPEALABILITY**<br><br>**(Docket No. 4)** |

　　　　On March 1, 2010, petitioner, a California prisoner incarcerated at the Correctional Training Facility in Soledad, California, and proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging a 2008 decision by the California Board of Parole Hearings ("Board") denying him parole. Thereafter, the Court ordered respondent to show cause why the petition should not be granted or, alternatively, to file a motion to dismiss.

　　　　Now pending before the Court is respondent's motion to dismiss the petition on the ground the petition is moot. Petitioner has not filed an opposition to the motion.

## BACKGROUND

　　　　According to the allegations in the petition, petitioner, in 1984 in the Superior Court of Monterey County, was found guilty of second degree murder and was sentenced to a term of fifteen years to life in state prison.

The subject of the instant petition is petitioner's July 7, 2008 parole suitability hearing. At the conclusion of the hearing, the Board, after having reviewed the facts of the commitment offense, petitioner's criminal history, his employment, educational and disciplinary history while incarcerated, and his mental health reports, found petitioner was not yet suitable for parole and would pose an unreasonable risk of danger to society or threat to public safety if released from prison. (Pet. Ex. 5 (Transcript of Parole Board Hearing) at 55-63.)[1]

Petitioner challenged the Board's decision by filing a habeas petition in Monterey County Superior Court on November 12, 2008. In an opinion issued March 6, 2009, the Superior Court denied relief, finding the Board properly applied state parole statutes and regulations when it found petitioner unsuitable for parole, and that at least some evidence supported the Board's decision. (Pet. Ex. 11.) Petitioner next filed a habeas petition in the California Court of Appeal, which was summarily denied on August 10, 2009. (Pet. Ex. 12.) Petitioner then filed a habeas petition in the California Supreme Court, which petition was summarily denied on February 10, 2010. (Pet. Ex. 13.)

Petitioner next filed the instant petition, alleging the decision to deny parole violated his right to due process because the decision was not supported by "some evidence" that petitioner remained an unreasonable risk of danger to public safety if paroled. (Pet. at 6, 21.)

## DISCUSSION

A federal district court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

As noted, petitioner claims the Board's decision to deny parole violated his federal constitutional right to due process because the decision was not supported by some evidence

---

[1] Unless otherwise noted, all references herein to exhibits are to exhibits submitted by petitioner in support of the petition, and all references to page numbers herein are to those affixed to the top of each page by the Court's electronic filing program.

2

1 showing petitioner at that time posed a danger to society if released.  Respondent moves to
2 dismiss the petition on the ground the petition is moot because petitioner stipulated to a five-
3 year parole denial the following year and thus, according to respondent, "waived the relief
4 due if a due process violation were found here." (See Mot. to Dismiss at 2:3-5.)  For the
5 reasons set forth below, the court finds the petition fails to state a claim for a due process
6 violation and, accordingly, will dismiss the petition.[2]

Under California law, prisoners serving indeterminate life sentences, like petitioner, become eligible for parole after serving minimum terms of confinement required by statute. In re Dannenberg, 34 Cal. 4th 1061, 1078 (2005).  Regardless of the length of time served, "a life prisoner shall be found unsuitable for and denied parole if in the judgment of the panel the prisoner will pose an unreasonable risk of danger to society if released from prison."  Cal. Code Regs. tit. 15 ("CCR"), § 2402(a).  In making the determination as to whether a prisoner is suitable for parole, the Board must consider various factors specified by state statute and parole regulations.  See In re Rosenkrantz, 29 Cal. 4th 616, 654 (2002); CCR § 2402(b)–(d). When a state court reviews a Board's decision denying parole, the relevant inquiry is whether "some evidence" supports the decision of the Board that the inmate poses a current threat to public safety.  In re Lawrence, 44 Cal. 4th 1181, 1212 (2008).

As noted, petitioner claims the Board's decision to deny parole was not supported by some evidence that petitioner, at the time of such denial, posed a danger to society if released.  Federal habeas corpus relief is unavailable for an error of state law.  Swarthout v. Cooke, 131 S. Ct. 859, 861 (per curiam) (2011).  Under certain circumstances, however, state law may create a liberty or property interest that is entitled to the protections of federal due process.  In particular, while there is "no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence," Greenholtz v. Inmates of Nebraska Penal & Corr. Complex, 442 U.S. 1, 7 (1979), a state's statutory parole scheme, if it uses mandatory language, may create a presumption that parole release will be

---

[2] In light of this finding, the Court does not address herein respondent's argument that the petition is moot.

1 granted when, or unless, certain designated findings are made, and thereby give rise to a
2 constitutionally protected liberty interest. See id. at 11-12.  The Ninth Circuit has determined
3 California law creates such a liberty interest in release on parole.  Cooke, 131 S. Ct. at 861-
4 62.

5       When a state creates a liberty interest, "the Due Process Clause requires fair
6 procedures for its vindication," and federal courts "will review the application of those
7 constitutionally required procedures."  Id. at 862.  In the context of parole, the procedures
8 necessary to vindicate such interest are minimal: a prisoner receives adequate process when
9 "he [is] allowed an opportunity to be heard and [is] provided a statement of the reasons why
10 parole was denied."  Id.  "The Constitution," [the Supreme Court has held], "does not require
11 more."  Id.  That is, there is no due process requirement that a parole denial be supported by
12 "some evidence."  See Pearson v. Muntz, 639 F.3d 1185, 1191 (9th Cir. 2011) ("Cooke was
13 unequivocal in holding that if an inmate seeking parole receives an opportunity to be heard, a
14 notification of the reasons as to denial of parole, and access to their records in advance, that
15 should be the beginning and end of the inquiry into whether the inmate received due
16 process.") (alterations, internal quotation and citation omitted).

17       Here, the record shows petitioner received at least the amount of due process found by
18 the Supreme Court to be adequate in Cooke.  Specifically, the record shows the following:
19 petitioner was represented by counsel at the hearing (Pet. Ex. 5 at 5:12-13);  petitioner was
20 provided an interpreter (id. at 5:16-17); petitioner and his counsel had access, in advance of
21 the hearing, to the documents reviewed by the Board at the hearing (id. at 8:18-9:2, 9:19-25);
22 petitioner was informed of his rights with respect to the hearing (id. at 8:5-9:7); in advance of
23 the hearing, petitioner was provided the factors the Board considers in determining suitability
24 for parole (id. at 8:18-9:2); the Board incorporated in the record by reference petitioner's
25 version of the commitment offense as set forth in a recent psychological report (id. at 11:17-
26 24); petitioner was provided the opportunity to discuss the commitment offense with the
27 Board, but declined to do so (id. at 11:7-10); the Board discussed with petitioner his personal
28 background, his parole plans, his achievements while incarcerated, and the mental health

4

reports prepared for the hearing (id. at 14:1-41:14); both petitioner and his counsel made statements advocating petitioner's release (id. at 48:25-54:16); petitioner received a thorough explanation as to why the Board denied parole (id. at 55:8-63:11).

Petitioner does not claim he was denied an opportunity to speak at his hearing or to contest the evidence against him, that he was denied access to his record in advance, or that he was not notified of the reasons why parole was denied. Rather, as noted, petitioner contends his Fourteenth Amendment due process rights were violated because the Board lacked "some evidence" of his dangerousness. Because California's "some evidence" rule is not a substantive federal requirement, whether the Board's decision to deny parole was supported by some evidence of petitioner's then current dangerousness is not relevant to this Court's decision. Cooke, 131 S. Ct. at 862-63. The Supreme Court has made clear that the only federal right at issue herein is procedural; consequently, "it is no federal concern . . . whether California's 'some evidence' rule of judicial review (a procedure beyond what the Constitution demands) was correctly applied." Id. at 863.

## CERTIFICATE OF APPEALABILITY

A certificate of appealability will be denied with respect to petitioner's claims. See 28 U.S.C. § 2253(c)(1)(a); Rules Governing Habeas Corpus Cases Under § 2254, Rule 11 (requiring district court to issue or deny certificate of appealability when entering final order adverse to petitioner). Specifically, petitioner has failed to make a substantial showing of the denial of a constitutional right, as he has not demonstrated that reasonable jurists would find the Court's assessment of the constitutional claims debatable or wrong. Slack v. McDaniel, 529 U.S. 473, 484 (2000).

//
//
//
//
//

**CONCLUSION**

For the reasons stated above, the Court orders as follows:

1. Respondent's motion to dismiss is hereby GRANTED and the above-titled petition is hereby DISMISSED.

2. A certificate of appealability is hereby DENIED.

This order terminates Docket No. 4.

The Clerk shall enter judgment in favor of respondent and close the file.

IT IS SO ORDERED.

DATED: August 5, 2011

_____
MAXINE M. CHESNEY
United States District Judge